IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARGARET M. WOODS,<br><br>    Plaintiff,<br><br>          v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>    Defendant. | Civil Action No.<br>1:18-cv-03501-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Christopher C. Bly [ECF 128] that Defendant Lockheed Martin Corporation's (Lockheed Martin) motion for summary judgment [ECF 113] be granted. Plaintiff Margaret M. Woods filed untimely objections to the R&R [ECF 134].[1] After careful review of the R&R and Woods's objections, the Court **ADOPTS** the R&R in its entirety and **GRANTS** Lockheed Martin's motion for summary judgment.

---

[1]   The Court granted Woods two extensions of time to file her objections, first through September 9, and then another through September 17. [ECF 131, 133]. Woods's objections were not filed until September 23. Nevertheless, the Court considers them here.

**I. BACKGROUND**

The relevant undisputed facts are set forth in detail in the R&R.[2] To summarize, in 2015, Woods was demoted from a senior manager position to a lower-level manager position when Lockheed Martin decided to consolidate her role with a similar role as part of a reorganization plan.[3] A committee was formed to compare Woods and three other senior managers to fill the consolidated role.[4] Of all four employees, Woods had the lowest overall performance score.[5] The person with the highest score, an African-American man, was transferred to a different senior management role and the person with the second highest score, a white man, was chosen for the consolidated senior management position.[6]

Woods claims that Lockheed Martin demoted her based on her sex and her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

---

[2] ECF 128, at 9–14.
[3] *Id.* at 9, 13–14.
[4] *Id.* at 12–13.
[5] *Id.* at 12–14.
[6] *Id.* at 13.

and 42 U.S.C. § 1981.[7] Lockheed Martin moved for summary judgment.[8] Judge Bly entered his R&R on August 24, 2021, recommending that Lockheed Martin's motion for summary judgment be granted.[9] Woods objects to the R&R.[10]

## II.   LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections specifically identifying the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge,"

---

[7]   *Id.* at 1–2. The elements required for a § 1981 claim are generally the same as a Title VII claim and courts use the same analytical framework for both. *Pinder v. John Marshall L. Sch.*, LLC, 11 F. Supp. 3d 1208, 1220 (N.D. Ga. 2014) (citing *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)).

[8]   ECF 113.

[9]   ECF 128.

[10]  ECF 134.

28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III.   DISCUSSION

Woods's primary objections relate to the findings of fact in the R&R. Woods objects to Judge Bly's determination that she did not respond to Lockheed Martin's statement of material facts as required by Local Rule 56.1 and, therefore, those facts were deemed admitted.[11] Woods requests that the Court consider the facts as presented in her response to Lockheed Martin's motion for summary judgment despite her failure to comply with the Court's Local Rules.[12] Woods's only legal objection to the R&R is her contention that Judge Bly incorrectly found that Lockheed Martin's performance scoring and consolidation process were not pretexts for discrimination.[13]

---

[11]   ECF 134, at 2–3.

[12]   *Id.* at 3.

[13]   *Id.* at 4, 8.

### A. Woods's Factual Objections

#### i. Woods's Failure to Comply with Local Rule 56.1

The factual findings in the R&R were based on Lockheed Martin's statement of material facts, which were deemed admitted, and, where necessary, directly from the record, because Woods did not file a response to the statement of material facts.[14] Woods objects to this determination. The Court finds that Judge Bly did not err in deeming Lockheed Martin's statement of material facts admitted.

Woods claims that she does not recall receiving the statement of material facts and that her failure to file a response pursuant to Local Rule 56.1 should be excused because she responded to Lockheed Martin's facts in her opposition brief.[15] General responses to statements of material facts within opposition briefs, however, are not proper substitutes for purposes of Local Rule 56.1. Local Rule 56.1(B)(2)(a) requires that the respondent to a motion for summary judgment file a response to the movant's statement of material facts. This response must contain "individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." LR 56.1(B)(2)(a)(1), NDGa. If the respondent fails to file a response to the statement of material facts,

---

[14]   *Id.* at 3–4.

[15]   *Id.* at 2–3.

the Court will deem each fact in the movant's statement of material facts admitted. LR 56.1(B)(2)(a)(2).

It is not lost on the Court that Woods is appearing *pro se* and that the Court has broad discretion in applying Local Rule 56.1(B)(2)(a)(2). *Reese v. Herbert*, 527 F.3d 1253, 1270 (11th Cir. 2008). However, the application of the rule here is not a matter of form over substance. In failing to file a response to the statement of material facts, Woods failed to identify for the Court those facts that are "genuinely controverted." *Id.* at 1268 (11th Cir. 2008) (quoting *Mariani–Colon v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007)). The Court cannot discern from the facts presented in Woods's opposition brief,[16] which are intermixed with her arguments, what material facts presented by Lockheed Martin, if any, are materially disputed with record evidence.

Though the facts in Lockheed Martin's statement of material facts were deemed admitted, Judge Bly appropriately viewed all the facts in Woods's favor and held Lockheed Martin to its burden of demonstrating, with evidentiary support, the absence of a genuine issue of material fact.[17] *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (noting that a plaintiff's failure to comply with

---

[16]  ECF 120-1.

[17]  ECF 128, at 4–5, 8–9.

Rule 56.1 does not absolve the movant of its burden). The Court also finds no merit in Woods's argument that Lockheed Martin's statement of material facts was argumentative and, therefore, should not be considered.[18] Judge Bly excluded from his factual findings those arguments, legal conclusions, or facts that were unsupported by the record.[19] *Reese*, 527 F.3d at 1270 ("[T]he district court must . . . review the movant's citations to the record to 'determine if there is, indeed, no genuine issue of material fact.'") (quoting U*nited States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004)).

### ii. Woods's Objections to the Findings of Fact

Woods specifically objects to the factual findings that (1) she and the person who was selected for the consolidated senior manager role, John Strickland, had the same qualifications; and (2) no evidence existed showing Lockheed Martin failed to follow its own internal procedures.[20]

Contrary to Woods's argument, the R&R does not state that Strickland was as qualified as Woods for the senior manager position. Instead, the R&R states that Strickland had a higher overall performance score than Woods, and that a

---

[18]   ECF 134, at 3.

[19]   ECF 128, at 4–5.

[20]   ECF 134, at 6-8.

reasonable person could have selected Strickland over Woods based on this criterion.[21]

As for Lockheed Martin's alleged failure to follow its own internal procedures, Judge Bly correctly found that Woods's allegations were unsubstantiated.[22] In fact, Woods still has failed to cite to any record evidence that substantiates this allegation.[23] In her opposition brief, Woods refers generally to Lockheed Martin's Non-Discrimination and Employment Policy,[24] but fails to articulate which parts of this policy were not followed and how.

The Court overrules Woods's factual objections and adopts the R&R on these issues.

### B.  Pretext For Discrimination

Woods also objects to the R&R's conclusion that she failed to demonstrate a genuine material dispute as to whether Lockheed Martin's decision to select Strickland for the consolidated role based on his higher overall performance score was a pretext for discrimination. Woods argues, in a conclusory fashion and again

---

[21]  ECF 128, at 30–31.

[22]  *Id.* at 30.

[23]  ECF 134, at 8.

[24]  ECF 120-1, at 8–9; 120-3.

without substantiation, that Lockheed Martin's failure to follow its own internal procedures evidences pretext, and that the performance scoring and consolidation process manipulates results in a discriminatory way.[25] Without evidence to support these accusations, the Court cannot find that Lockheed Martin's articulated reason for selecting Strickland was a pretext for discrimination.

The magistrate judge correctly utilized the *McDonnell Douglas Corp. v. Green* burden-shifting framework in evaluating Woods's claims. 411 U.S. 792 (1973). Under this framework, if Woods establishes a *prima facie* case of discrimination, the burden shifts to Lockheed Martin to articulate a legitimate, non-discriminatory reason for the adverse employment action, and if it does, the burden shifts back to Woods to show the legitimate reason was a pretext for discrimination. *Id.* at 802–05. Where the adverse employment action is a demotion, a plaintiff can establish her *prima facie* case of discrimination by showing that "she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class." *Ezell v. Wynn*, 802 F.3d 1217, 1226 (11th Cir. 2015) (quoting *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 828 (11th Cir. 2000)).

---

25   ECF 134, at 4–6.

The R&R found that Woods established her *prima facie* case because, as an African-American woman, she is a member of two protected classes, she suffered an adverse employment action by being demoted, and the person selected for the consolidated position, Strickland, was a white man.[26] The R&R also found that Lockheed Martin carried its burden of demonstrating a legitimate, non-discriminatory reason for choosing Strickland for the role; specifically, Lockheed Martin showed that Strickland had a higher overall performance score than Woods.[27] The issue here is whether the performance scoring or consolidation process were pretexts for discrimination. Where the proffered reason for the employment action "is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

As noted, Woods failed to substantiate her claim that Lockheed Martin failed to follow its own internal procedures, and so this cannot form a basis for finding pretext. To the extent Woods argues that Strickland's lack of qualifications evidences pretext, the Court agrees with Judge Bly that Woods's superior

---

[26] ECF 128, at 27–28.

[27] *Id.* at 29.

experience in aviation, on its own, does not discredit Lockheed Martin's justification for choosing Strickland for the position because he had an objectively higher performance score.[28] Woods cites to another case involving Lockheed Martin's same performance scoring system, *Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 197 (D.D.C. 2017). But this does not help Woods, individually, establish pretext for discrimination in this case.

Woods has not offered any other support for her argument and the Court may not rely on her conclusory statements. Without actual evidentiary support, the Court cannot find a genuine dispute of material fact sufficient to defeat Lockheed Martin's motion for summary judgment. Accordingly, the Court adopts the R&R on this issue.

---

[28]   *Id.* at 32.

## IV. CONCLUSION

The Court **OVERRULES** Woods's objections to the R&R, **ADOPTS** the R&R in its entirety, and **GRANTS** Lockheed Martin's motion for summary judgment. Woods's claims are **DISMISSED WITH PREJUDICE**, and the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 30th day of September 2021.

Steven D. Grimberg
United States District Court Judge